# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| **ARABIATU SIMAGA,** *et al.*, | : | |
| | : | **Case No. 2:21-cv-5098** |
| **Plaintiffs,** | : | |
| | : | **Chief Judge Algenon L. Marbley** |
| **v.** | : | |
| | : | **Magistrate Judge Kimberly A. Jolson** |
| | : | |
| **UNITED STATES CITIZENSHIP** | : | |
| **& IMMIGRATION SERVICES,** *et al.*, | : | |
| | : | |
| **Defendants.** | : | |

## OPINION & ORDER

This matter is before this Court on Defendants' Partial Motion to Dismiss. (ECF No. 11).

Given the following analysis, Defendants' Motion is **GRANTED**.

## I. BACKGROUND[1]

In May 2009, Plaintiff Yusuph Karaga, a Gambian citizen and national, married his first

wife Ms. Rokia Touray, a United States Citizen. (ECF No. 1 at ¶ 16). Following their marriage,

Ms. Touray filed a Form I-130 Petition for Alien Relative ("I-130 Petition), on behalf of Mr.

Karaga, which was approved. (*Id.*). While Mr. Karaga was admitted to the U.S. as a permanent

resident on a conditional basis, the two divorced in March 2013. (*Id.*, ¶ 19). In October of that

year, Mr. Karaga married Arabiatu Simaga, a U.S. Citizen residing in Ohio. (*Id.*, ¶¶ 1, 8).

On April 28, 2014, the U.S. Citizenship and Immigration Services ("USCIS") issued a

notice that Mr. Karaga's conditional resident status would be terminated for failing to file an I-751

Petition to Remove Conditions on Residence ("I-175 Petition") as required under statute. (*Id.*, ¶

21). Thereafter, pursuant to 8 U.S.C. § 1186a(c)(4), Mr. Karaga filed an I-751 Petition requesting

---

[1] As Defendants' Motion to Dismiss seeks only partial dismissal, this Court confines its recitation of the background facts to those pertinent to the claims Defendants seek to dismiss.

a waiver of the joint filing requirement, on the asserted basis that he entered into the marriage with Ms. Touray in good faith, but the marriage was terminated through divorce or annulment. (ECF No. 1-2 at 1). After an interview with Mr. Karaga, USCIS issued a Notice of Intent to Terminate Status ("NOIT"). (*Id.*, ¶¶ 30–31). Mr. Karaga responded to the NOIT, however, USCIS denied his I-751 Petition, concluding that he did not establish that his marriage to Ms. Touray was entered in good faith and thus did not establish eligibility for a waiver of the statutory requirements for the filing of a Joint Petition. (*Id.*, ¶ 34).

Last year, the U.S. Department of Homeland Security ("DHS") initiated removal proceedings against Mr. Karaga, which here moved to terminate on the ground that the notice issued by DHS was deficient. (ECF No. 11-2 at 2). That motion was granted, and the removal proceedings were terminated without prejudice on October 27, 2021. (*Id.* at 10). Notably, the Immigration Judge stated that their "decision [did] not preclude [DHS] from properly commencing proceedings pursuant to the issuance of a new notice to appear in compliance with the statutory requirements[.]" (*Id.*). DHS appealed that decision to the Board of Immigration Appeals ("BIA"), which, at the time of filing, remained ongoing. (ECF No. 11 at 4).

On October 21, 2021, Plaintiffs filed suit against the federal agencies involved in the denial of Mr. Karaga's I-175 and I-130 Petitions.[2] (ECF No. 1). Plaintiffs allege this Court has jurisdiction over their claims pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 2201; 28 U.S.C. § 1361 as well as the Administrative Procedures Act ("APA"). (*Id.*, ¶ 7). As relevant to Mr. Karaga's I-175 Petition, Plaintiffs allege that USCIS's denial of the petition "violated the governing statute and regulations, [was] arbitrary and capricious, an abuse of discretion, and not otherwise in accordance with the law." (*Id.*, ¶ 46). Plaintiffs further allege that the denial was contrary to the evidence before USCIS

---

[2] Defendants do not seek dismissal of the claims involving Mr. Karaga's I-130 Petition. (*See* ECF No. 11 at 2, n. 1).

as well as USCIS's own regulations and binding BIA precedent. (*Id.*, ¶¶ 47, 48). Plaintiffs seek declaratory relief as well as attorney's fees and costs. (*Id.*, ¶¶ A–L).

On January 28, 2022, Defendants answered Plaintiffs' Complaint in part (ECF No. 10) and moved to dismiss Plaintiffs' claims regarding Mr. Karaga's I-175 Petition (ECF No. 11). Plaintiffs did not respond to Defendants' Motion to Dismiss, and the time for doing so has long since passed. As such, this Court will consider Defendants' Motion unopposed.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) provides that a defendant may move to dismiss based on a court's lack of jurisdiction over the subject matter of the case. Jurisdiction in the federal courts is limited: it may be based on a federal question, which is one "arising under the Constitution, laws, or treaties of the United States," or on diversity of citizenship where the sum in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332. The plaintiff has the burden of proving subject matter jurisdiction when it is challenged under Rule 12(b)(1). *Rogers v. Stratton Indus.*, 798 F.2d 913, 915 (6th Cir. 1986). Where a motion to dismiss presents alternative arguments, such as improper venue or failure to state a claim, the court must address subject matter jurisdiction first. *City of Heath v. Ashland Oil, Inc.*, 834 F. Supp. 971, 975 (S.D. Ohio 1993).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted "is a test of the plaintiff's cause of action as stated in the complaint, not a challenge to the plaintiff's factual allegations." *Golden v. City of Columbus*, 404 F.3d 950, 958–59 (6th Cir. 2005). When evaluating such a motion, "[a]ll factual allegations in the complaint must be presumed to be true, and reasonable inferences must be made in favor of the non-moving party." *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008). But the court need not accept unwarranted factual inferences.

3

*Id.* Complaints must state "more than a bare assertion of legal conclusions to survive a motion to dismiss." *Horn v. Husqvarna Consumer Outdoor Products N.A., Inc.*, 2013 WL 693119, at *1 (S.D. Ohio Feb. 26, 2013) (internal citations omitted). A plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The claim to relief must be "'plausible on its face,'" with "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

### III. LAW AND ANALYSIS

Defendants offer two arguments as to why dismissal of Plaintiffs' claims relating to Mr. Karaga's I-175 Petition is appropriate. (*See generally* ECF No. 11). First, Defendants argue that this Court lacks jurisdiction to review USCIS's I-751 decision under the APA because the decision is not a final agency action. (*Id.* at 7–12). Defendants maintain this is so because "further administrative relief is available" as Mr. Karaga will be placed in removal proceedings and may seek review of the I-175 Petition denial there. (*Id.* at 8–9). Moreover, Defendants assert that there exists no separate statute authorizing a district court to review an I-175 Petition, which could confer jurisdiction. (*Id.*). Similarly, Defendants argues that because there is no final agency action, Plaintiffs cannot state a claim for relief, pursuant to Fed. R. Civ. P. 12(b)(6). (*Id.* at 11). Second, in the alternative, Defendants argue that there is no subject-matter jurisdiction over Mr. Karaga's claim because the denial of his I-175 Petition is a discretionary determination and precluded by 8 U.S.C. § 1252(a)(2)(B)(ii). (*Id.* at 12–13). Here, Defendants emphasize that the administrative provisions governing the consideration of an I-175 Petition explicitly state that the decision is in the sole discretion of the Secretary of DHS. (*Id.* at 13).

Before this Court delves into Defendants' Motion, it first addresses a preliminary matter regarding the consideration of evidence. Generally, a Court may only consider the Complaint, and documents attached thereto, when ruling on a motion to dismiss. *Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 335 (6th Cir. 2007) (citing Fed. R. Civ. P. 10(c)). Furthermore, where "a document is referred to in the pleadings and is integral to the claims, it may be considered without converting a motion to dismiss into one for summary judgment." *Id*. at 335–36; *Young v. Int'l Union*, 148 F. Supp. 3d 602, 611 (E.D. Mich. 2015). Upon review of the materials relied on by Defendants in their Motion, this Court finds that they are sufficiently central to Plaintiffs' claims, that the Court may consider them without converting Defendant's motion to one for summary judgment.

While Defendants rely on Fed. R. Civ. P. 12(b)(1) for dismissal, that reliance is misplaced. As the Sixth Circuit has made clear, "[t]he APA is not a jurisdiction-conferring statute; it does not directly grant subject matter jurisdiction to the federal courts." *Jama v. Dep't of Homeland Sec.*, 760 F.3d 490, 494 (6th Cir. 2014). Despite this, "the federal question statute, 28 U.S.C. § 1331, 'confer[s] jurisdiction on federal courts to review agency action, regardless of whether the APA of its own force may serve as a jurisdictional predicate.'" *Id* (quoting *Califano v. Sanders*, 430 U.S. 99, 105 (1977)). Here, because Plaintiffs cite 28 U.S.C. § 1331 as a basis for jurisdiction (*see* ECF No. 1 at ¶ 7) this Court has jurisdiction over Plaintiffs' claims relating to the denial of Mr. Karaga's I-175 Petition. As such, dismissal pursuant to 12(b)(1) would be improper. *Jama*, 760 F.3d at 494, n. 4 ("Because the APA does not confer jurisdiction, elements of a claim under the APA, including the final agency action requirement, are not jurisdictional. . . Accordingly, we address the final agency action requirement . . . where we consider whether [plaintiff] has a valid

cause of action for his claims against Defendants.") Having established subject matter jurisdiction over this claim, this Court addresses whether Plaintiffs have stated a claim on the merits.

In order to state a claim under the APA, Plaintiffs "must allege that [their] injury stems from a final agency action for which there is no other adequate remedy in court." *Bangura v. Hansen*, 434 F.3d 487, 500 (6th Cir. 2006). To constitute "final agency action," an agency's action must "mark the consummation of the agency's decision-making process . . . [and] must not be of a tentative or interlocutory nature;" in addition, "the action must be one by which rights or obligations have been determined, or from which legal consequences will flow." *Air Brake Systems, Inc. v. Mineta*, 357 F.3d 632, 638 (6th Cir. 2004); *see also Franklin v. Massachusetts*, 505 U.S. 788, 797 (1992) ("The core question is whether the agency has completed its decision-making process, and whether the result of that process is one that will directly affect the parties."). Upon review of the applicable administrative guidance, this Court finds that the denial of Mr. Karaga's I-175 Petition does not constitute "final agency action."

The relevant regulation, 8 CFR § 216.4(d)(2), make clear that following the denial of an I-175 Petition, the petitioner "may seek review of the decision in removal proceedings." During those proceedings, "the burden of proof shall be on the Service to establish, by a preponderance of the evidence, that the facts and information set forth by the petitioners are not true or that the petition was properly denied." 8 CFR § 216.4(d)(2). Given this, and because Mr. Karaga has yet to have his removal proceeding, the denial of his I-175 Petition was not the "consummation of the agency's decision-making process." *Air Brake Systems*, 357 F.3d at 638. In making this finding, this Court finds convincing the holdings of several district courts, which have found that a USCIS denial of an I-751 petition is not a final agency action, given the availability of administrative review in a removal proceeding. *See Barbur v. USCIS*, 2013 WL 3285490, *3 (D. Nev. June 26,

6

2013) (holding that the administrative process was not yet final, where Plaintiff would be "entitled to de novo review" during removal proceedings); *cf. Bhadmus v. United States Citizenship & Immigr. Servs.*, 2016 WL 5946842, *3 (S.D. Ind. Sept. 30, 2016) (granting motion to dismiss challenge to I-751 denial because "the immigration judge presiding over [the] removal proceedings will have authority to modify or reverse the denial of the I-751 petition"); *Liu v. Mukasey*, 2008 WL 1744626, *3 (W.D. Wash. Apr. 11, 2008) (denying mandamus relief because plaintiff had not exhausted his challenge to USCIS's denial of his I-751 petition in pending removal proceedings).

Accordingly, because the denial of Mr. Karaga's I-175 Petition does not constitute final agency action, Plaintiffs have failed to state a claim upon which relief can be granted. *Jama*, 760 F.3d at 497. Defendants' Motion (ECF No. 11) is hereby **GRANTED**.

## IV. CONCLUSION

Pursuant to the foregoing analysis, Defendants' Motion (ECF No. 11) is **GRANTED**. Plaintiffs' claims relating to the denial of Mr. Karaga's I-175 Petition are hereby **DISMISSED**, and this case shall proceed on Plaintiffs' remaining claims.

**IT IS SO ORDERED.**

**ALGENON L. MARBLEY**
**CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: September 12, 2022**